THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SIXTO AVILÉS RALAT, Defendant and Appellant.

No. CR-66-323.     Decided February 10, 1967.

*Enrique Miranda Merced, Edna Abruña Rodríguez,* and *E. Armstrong de Watlington* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for The People.

PER CURIAM: Sixto Avilés Ralat was charged with a violation of § 29 of the Narcotics Act, consisting in having in his possession and control the narcotic drug known as heroin. Having been found guilty by a court without a jury, after having waived his right to trial by jury, he was sentenced to from five to eight years' imprisonment in the penitentiary.

He assigns six errors on appeal. In our opinion the trial court did not commit them. Our grounds for this conclusion follow.

The facts which gave rise to this cause were the following:

Policemen Carlos M. Camacho and Carlos García Méndez were on special vigilance duty around Stop 22, República Street in Santurce, when around two o'clock in the afternoon they observed, about five feet away from them, when a certain Timoteo Lugo Nelson took some small, white half-inch-long packs from a small coin purse he held in his left hand and delivered them to appellant, who took them with his left hand. Upon noticing the presence of the policemen— they were already known as such in that neighborhood— appellant closed the hand where he held the packs and both fled. Lugo Nelson threw the coin purse to the ground when

he fled. Policeman García Méndez chased and captured him and brought him back, but appellant was able to escape and was arrested afterwards, but the packs in question did not appear then. When the coin purse was seized by policeman Camacho, the eleven packs found inside were analyzed and the content was found to be heroin. In spite of the objection raised by appellant's counsel, the trial court permitted policeman Camacho to testify that when he began to question Lugo Nelson, after arresting him, the latter declared that he had exchanged with appellant the white packs for several cases of beer which had been stolen; that he delivered to appellant the packs containing heroin. The beer was recovered in Lugo Nelson's home, next to which the incident occurred. On cross-examination Camacho testified that from the moment he witnessed the transaction of the packs for the beer, until Lugo Nelson made the said statements "it was just a matter of one or two minutes." Appellant admitted being an addict and using between four to six decks daily. On direct examination he had estimated this time in five minutes. In finding appellant guilty the trial court set forth the following in the record:

". . . The court wants to set forth that it has not taken into account the statements allegedly made by defense witness Timoteo Lugo Nelson, but only the statement of Carlos M. Camacho, insofar as it refers to the personal observation the latter made with respect to the defendant in this case which we expressed in arguing the motion for peremptory acquittal. We consider that Carlos M. Camacho was in a position where he could observe the delivery of several packs wrapped in a white piece of paper from Timoteo Lugo Nelson to the defendant, in the manner he described it, besides the subsequent action of defendant, the natural inferences the court has made with respect to the material evidence introduced, and the stipulation of the chemist. In view of these considerations, the court believes that there is no doubt in the court's mind that the defendant is guilty of the possession of drugs."

Appellant alleges that the trial court erred in refusing to order to strike policeman Camacho's testimony on the admissions of Lugo Nelson, and in deciding that it would not take into consideration said testimony until the rule of corroboration was complied with or it was shown that the admissions were part of the "res gestae." This assignment lacks merit since actually the trial judge did not take said admissions into consideration and based its judgment exclusively (a) on the transfer of the packs from Lugo Nelson to appellant, a fact observed by policeman Camacho; (b) on the subsequent action of appellant of evading both policemen and fleeing from the scene, and (c) on the fact also observed by policeman Camacho that Lugo Nelson took the packs which he handed to appellant from among many others he had in his coin purse, the rest of which appeared containing heroin. This evidence, in addition to the fact that appellant admitted being an addict who used from four to six decks a day was, in our judgment, sufficient to convict.

Appellant argues that the trial court erred in admitting in evidence the rest of the packs in Lugo Nelson's coin purse and in dismissing the motion for peremptory acquittal introduced by the defense. This assignment is based on the fact that the heroin content of the packs delivered by Lugo Nelson to appellant could not be inferred from the fact that the packs left in the coin purse contained an amount of that drug because the identity of the evidence allegedly in the hands of appellant was not susceptible of being determined and established by a simple inspection, but it required an expert chemical analysis to establish the nature and identity of the content of the packs delivered and of the packs found in the coin purse.

The foregoing facts and circumstances of the case justified the inference, beyond any reasonable doubt, that the material Lugo Nelson delivered to appellant, which the latter took

along when he fled from the scene where he received it, once aware of the nearness of the policemen, contained heroin.

The fifth error assigned is to the effect that the court should not have applied to this case the doctrine of the bolita cases to the effect that when the prosecuting attorney shows that it is not possible for him to introduce the material evidence because the latter remains in the possession of the defendant, the prosecutor is relieved of such responsibility and that, under those circumstances, the agent's testimony regarding his having observed that defendant had in his possession the bolita material is sufficient for the purposes of proving the offense. *People* v. *Jaimán*, 86 P.R.R. 663 (1962); *People* v. *Serrano*, 85 P.R.R. 658, 662 (1962); *People* v. *Ramírez*, 85 P.R.R. 428 (1962); *People* v. *Seda*, 82 P.R.R. 695 (1961).

Irrespective of whether or not we should extend the doctrine in question to cases for possession and sale of narcotic drugs, we repeat that the existence of the drug in this case could be reasonably inferred from the facts and circumstances thereof.

For the reasons stated, appellant's last assignment to the effect that his acquittal was proper on the basis of reasonable doubt, lacks merit.

Therefore, the judgment entered in this case on December 22, 1965 by the Superior Court, San Juan Part, will be affirmed.

Mr. Justice Santana Becerra delivered a dissenting opinion in which Mr. Chief Justice Negrón Fernández, Mr. Justice Belaval, and Mr. Justice Hernández Matos concur.

36

—O—

MR. JUSTICE SANTANA BECERRA, with whom MR. CHIEF JUS-
TICE NEGRÓN FERNÁNDEZ, MR. JUSTICE BELAVAL, and
MR. JUSTICE HERNÁNDEZ MATOS concur, dissenting.

San Juan, Puerto Rico, February 10, 1967

For the reasons stated in my dissenting opinion in *People
v. Pellot Pérez*, 92 P.R.R. 792 (1965), I understand like-
wise in this case that the evidence, as produced by the
Court's opinion, does not sustain a conviction on the charge
that appellant *had in his possession and control* the narcotic
drug, irrespective of the fact that appellant could have been
prosecuted under any other modality of the law. In this case
the situation is even weaker than that in *Pellot Pérez*, in-
asmuch as there is no chemical analysis of the contents of
the alleged pack that witness Nelson delivered to appellant
at the moment in which they were surprised by the agents.

For the foregoing I dissent from the judgment which
affirms the conviction.